
AUG 19 2019
Clerk, U S District Court
District Of Montana
Billings

| UNITED STATES OF AMERICA, | CR 19-42-BLG-SPW |
|---|---|
| Plaintiff, | |
| vs. | OPINION AND ORDER |
| JOSEPH MATTHEW BALLANTYNE, | |
| Defendant. | |

Before the Court is Defendant Joseph Ballantyne's motion to dismiss (Doc. 15) the indictment. For the following reasons, Ballantyne's motion is granted.

## I. Background

On June 12, 1987, in Colorado state court, Ballantyne was sentenced to 14 years in prison for Second Degree Sexual Assault. On or before January 24, 2001, Ballantyne was released. (Doc. 16 at 3; Doc. 26 at 10). Upon his release, Ballantyne was required to register as a sex offender under the Sex Offender Registration and Notification Act, 34 U.S.C. § 20901 et seq. The length of time Ballantyne was required to register under SORNA depended upon his tier classification. SORNA classifies sex offenders as either a one, a two, or a three. 34 U.S.C. § 16911(2-4). A tier three offender is required to register for life, a tier

1

two offender is required to register for 25 years, and a tier one offender is required to register for 15 years. 34 U.S.C. § 20915(a). Ballantyne's registration period began when he was released from prison in 2001. *United States v. Del Valle-Cruz*, 785 F.3d 48, 55 (1st Cir. 2015).

The tier assigned to Ballantyne depended upon his 1987 conviction. If Ballantyne's 1987 conviction was comparable to or more severe than abusive sexual contact against a minor under the age of 13, he was designated a tier three. 34 U.S.C. § 20911(4)(A)(ii). If his conviction was comparable to or more severe than abusive sexual contact, he was designated a tier two. 34 U.S.C. § 20911(3)(A)(iv). If his conviction was not comparable to either of those offenses, he was designated a tier one.[1] 34 U.S.C. § 20911(2).

On April 4, 2019, Ballantyne was indicted on one count of Failure to Register as a Sexual Offender, in violation of 18 U.S.C. § 2250(a). (Doc. 1). The indictment stated Ballantyne was "a person required to register under the Sex Offender Registration and Notification Act," who had failed to register from approximately October 26, 2018, until April 4, 2019. (Doc. 1). Ballantyne filed a motion to dismiss the indictment, arguing he is a tier one offender and his

---

1 Other offenses may result in classification as a tier three or tier two, but the parties agree that because Ballantyne was convicted of Second Degree Sexual Assault, he can only be designated a tier three or tier two if Second Degree Sexual Assault is comparable to or more severe than Abusive Sexual Contact.

obligation to register expired in 2016. The government responded Ballantyne is at least a tier two and his duty to register does not expire until 2026 at the earliest.

In a separate case in 2011, the Presentence Investigation Report determined Ballantyne was a tier three offender based on his 1987 conviction. (CR 11-43-BLG-SPW, Doc. 46 at 5). Here, the government states that case's PSR properly adjudicated Ballantyne's tier designation, but does not argue Ballantyne's motion is barred by res judicata. The government's lack of argument on res judicata leads the Court to believe the government believes the PSR was correct rather than binding.

## II. Discussion

To determine Ballantyne's tier classification, the Court employs the categorical approach. *United States v. Cabrera-Gutierrez*, 756 F.3d 1125, 1133 (9th Cir. 2014) (citing *Taylor v. United States*, 495 U.S. 575 (1990)). Under the categorical approach, the Court compares the statutory definition of the prior offense with the elements of the federal offense the government contends is "comparable" to the prior offense. *Cabrera-Gutierrez*, 756 F.3d at 1133. The prior offense is "comparable" to the federal offense if it is defined more narrowly than, or has the same elements as, the federal offense. *Cabrera-Gutierrez*, 756 F.3d at 1133. The prior offense is not "comparable" to the federal offense if the

3

statute defining the prior offense "sweeps more broadly" than the federal offense. *Cabrera-Gutierrez*, 756 F.3d at 1133. The Court may not consider the facts giving rise to the prior offense, even if the facts show the defendant's conduct satisfies the federal elements. A comparison of the elements is the only relevant inquiry.[2] *Cabrera-Gutierrez*, 756 F.3d at 1133.

The federal offense the government contends is "comparable" to Ballantyne's prior offense is either Abusive Sexual Contact against a minor under the age of 13 (tier three) or Abusive Sexual Contact (tier two). Because both offenses are premised on the crime of Abusive Sexual Contact, the parties agree the Court should compare Second Degree Sexual Assault with the federal crime of Abusive Sexual Contact. If the crimes categorically match, the Court should then use the age of the victim to determine whether Ballantyne is a tier two or a tier three. *United States v. Mi Kyung Byun*, 539 F.3d 982, 993 (9th Cir. 2008).

The statute under which Ballantyne was convicted provided "[a]ny actor who knowingly inflicts sexual penetration or sexual intrusion on a victim commits sexual assault in the second degree if . . . ." Colo. Rev. Stat. § 18-3-403 (repealed

---

2 There is an exception to the categorical approach, known as the modified categorical approach, which applies when the defendant was convicted under a statute that sets out multiple, divisible elements which effectively creates several different crimes under one statute. The modified categorical approach allows the Court to look at certain documents such as the indictment, jury instructions, and/or plea agreement to determine which of the divisible elements the defendant was convicted under. However, neither party argues the exception applies here.

2000). The statute then lists several subsections which contain additional elements to complete the crime, such as the actor knows the victim is incapable of appraising the nature of the victim's conduct or the actor knows the victim erroneously believes the actor to be the victim's spouse. Colo. Rev. Stat. § 18-3-403(a-h) (repealed 2000). The parties agree the Court does not need to consider the particular subsection Ballantyne was convicted under because regardless of the subsection involved, the offense had to include either "sexual penetration" or "sexual intrusion." The parties further agree the analysis rests squarely on the definition of "sexual intrusion" because the categorical inquiry "need focus only on the conduct falling at the least egregious end of [the state statute's] range of conduct." *United States v. Baza-Martinez*, 464 F.3d 1010, 1014 (9th Cir. 2006) (citation and internal quotation omitted). The Court notes again neither party argues "sexual penetration" and "sexual intrusion" are themselves divisible elements.

The Federal statute criminalizing Abusive Sexual Contact provides "[w]hoever . . . knowingly engages in or causes sexual contact with or by another person . . . ." 18 U.S.C. § 2244(a). Like the Colorado statute, the federal statute then lists several subsections which contain additional elements to complete the crime, such as rendering the victim unconscious or administering a drug which

impairs the victim's ability to control his or her conduct.   18 U.S.C. § 2244(a)(1) (citing 18 U.S.C. § 2241(b)(1-2)).   Also similar to the Colorado statute, the parties agree the Court does not need to consider the particular subsection Ballantyne's prior offense might compare to because the federal offense must include "sexual contact."

What this boils down to, according to the parties, is whether "sexual intrusion" sweeps more broadly than "sexual contact."   "Sexual intrusion" means "any intrusion, however slight, by any object or any part of a person's body, except the mouth, tongue, or penis, into the genital or anal opening of another person's body if that sexual intrusion can reasonably be construed as being for the purposes of sexual arousal, gratification, or abuse."[3]   Colo. Rev. Stat. § 18-3-401(6). "Sexual contact" means "the intentional touching, either directly or through the clothing, of the genitalia, anus, groin, breast, inner thigh, or buttocks of any person with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person."   18 U.S.C. § 2246(3).

Ballantyne argues sexual intrusion sweeps more broadly for two reasons, both of which are based on the intent required.   First, Ballantyne argues sexual intrusion requires only the general intent of a "knowing" sexual intrusion whereas

---

3 The Court uses the current definition of "sexual intrusion" because it is the same as the 1987 version under which Ballantyne was convicted.   (Doc. 26 at 5 n. 2).

"sexual contact" requires the specific intent of an "intentional" touching. Second, Ballantyne argues sexual intrusion requires an objective standard for determining intent whereas sexual intrusion requires a subjective standard. To the first argument, the government responds both sexual intrusion and sexual contact have general and specific intent elements. To the second argument, the government responds Colorado caselaw has interpreted the statute to require a subjective standard. The parties' arguments are conflated—which is unavoidable under the circumstances—but broadly speaking, Ballantyne believes sexual intrusion requires a general intent whereas sexual contact requires a specific intent and the government believes they both require a specific intent.

Broken down in plain language, the statutes mostly match. The Colorado statute criminalizes "knowing" sexual intrusion and the federal statute criminalizes "knowing" sexual abuse. Sexual intrusion requires an intrusion that "can reasonably be construed" for "the purposes of" sexual arousal, abuse, etc. Sexual abuse requires an intentional contact "with the intent to" sexually arouse, abuse, etc.

An obvious difference, which Ballantyne argues is material because it is an objective standard, is the phrase "reasonably be construed." In *People v. West*, the defendant challenged the phrase "reasonably be construed" as void for

vagueness. 724 P.2d 623, 625 (Colo. 1986). The Colorado Supreme Court rejected the challenge and held "reasonably be construed" was a legislative effort to permit the jury to conclude beyond a reasonable doubt, based on circumstances, that a touching occurred with the specific intent or purpose of sexual arousal. 724 P.2d at 628. The Colorado Supreme Court acknowledged "reasonably be construed" could cause a jury to believe the prosecution's burden was less than beyond a reasonable doubt, though, so it suggested omitting "reasonably be construed" from the jury instructions and instead using only "for the purposes of" to avoid a constitutional issue. 724 P.2d at 629. In *People in Interest of J.A.*, the Colorado Supreme Court affirmed *West*'s jury instruction practice of omitting the language "reasonably be construed" and using only "for the purposes of." 733 P.2d 1197, 1199 (Colo. 1987). A month later, the Colorado Court of Appeals held a trial court's instructions were erroneous because the phrase "reasonably be construed" was not omitted from the instructions. *People in Interest of B.D.S.*, 739 P.2d 902, 904 (Colo. Ct. App. 1987). A few months after that, the Colorado Supreme Court again held "reasonably be construed" should be replaced with only "for the purposes of." *People v. Jensen*, 747 P.2d 1247, 1255-1256 (Colo. 1987). In *People v. Fell*, while reviewing a sufficiency of the evidence claim, the Colorado Court of Appeals interpreted the phrase to mean the jury may infer the

defendant's purpose based on the circumstances, in accordance with *West*. 832 P.2d 1015, 1021 (Colo. Ct. App. 1991). The issue was revisited in *People v. Moore*, where the Colorado Supreme Court affirmed *West*'s interpretation, holding "reasonably be construed" encompassed a specific intent that the touching be done for the purpose of sexual arousal. 877 P.2d 840, 847 (Colo. 1994).

Contrary to Ballantyne's assertion, there is nothing in Colorado's precedent that suggests "reasonably be construed" is an objective standard. Although the word "reasonably" usually indicates an objective assessment, the Colorado courts have not interpreted the phrase in that manner. The only detailed discussion of the phrase's meaning occurred in *West*, where the Colorado Supreme Court interpreted it to mean a jury could infer from the circumstances that a person acted with the specific intent or purpose of sexual arousal. Almost every discussion of the phrase after *West* concerned the phrase's potential to unconstitutionally lower the prosecution's burden. None of the cases mentioned an objective standard to determine mental state but instead agreed the act must be done with the specific intent to sexually arouse. Thus, the phrase "reasonably be construed" appears to mean no more than the jury may infer a person's specific intent based on the circumstances, which is superfluous given juries in Colorado are already permitted

to make inferences based on evidence,[4] which partially explains why Colorado courts were comfortable omitting the phrase from jury instructions. Ballantyne's argument "reasonably be construed" is a material difference between the two statutes is therefore rejected.

Another clear difference is that sexual contact requires an intentional touching whereas sexual intrusion does not require an intentional intrusion. However, sexual intrusion also requires it to be done "for the purposes of" sexual arousal or abuse. Under normal legalese, "purpose" and "with the intent" mean the same thing. *See United States v. Lamott*, 831 F.3d 1153, 1156 (9th Cir. 2016) (citing *United States v. Gracidas-Ulibarry*, 231 F.3d 1188, 1196 (9th Cir. 2000)). If "purpose" and "with the intent" mean the same thing, this difference is also immaterial because someone cannot intrude into the genitals or anus of another with the purpose, i.e., intent, to sexually arouse or abuse unless the intrusion was also intentional. One cannot simultaneously accidentally or merely knowingly intrude into another's genitals or anus while also intending to sexually arouse themselves by doing so. A person intruding into another's genitals with the intent to sexually arouse themselves is intentionally intruding into the other person.

---

4 Colorado Pattern Jury Instructions D:01 and D:11

But due to *People v. Vigil*, "purpose" does not mean "with the intent" here. In *Vigil*, the Colorado Supreme Court clarified that "for the purposes of" does not mean specific intent when, as here, the crime is more broadly defined with the general intent mental state of "knowingly." 127 P.3d 916, 930-934 (Colo. 2006). The Colorado Supreme Court explained the legislature designated crimes as either general intent or specific intent by using "knowingly" for general intent and "intentionally" for specific intent. 127 P.3d at 931-933. The Colorado Supreme Court's reasoning was based in part on the criminal code, which states "[a]ll offenses defined in this code in which the mental culpability requirement is expressed as 'knowingly' or 'willfully' are declared to be general intent crimes" and "[a]ll offenses defined in this code in which the mental culpability requirement is expressed as 'intentionally' or 'with intent' are declared to be specific intent offenses." 127 P.3d at 931 (quoting Colo. Rev. Stat. §§ 18-1-501(6) and 18-1-501(5)). In its conclusion, the Colorado Supreme Court addressed its opinions in *West* and *Moore*, instructing that to the extent the cases are read to impose a specific intent on a crime which contains the phrase "for the purposes of" but is broadly defined with the general intent mental state of "knowingly," the cases are incorrect. 127 P.3d at 934.

In effect, the *West* line of cases removed "reasonably be construed" from the statute while *Vigil* removed "for the purposes of" and replaced it with simply knowingly. A person acts knowingly "with respect to a result of his conduct, when he is aware that his conduct is practically certain to cause the result." Colo. Rev. Stat. § 18-1-501(6). Constructing the Colorado statute under *Vigil* and *West*, it defines sexual intrusion as a knowing intrusion by any object or any part of a person's body, except the mouth, tongue, or penis, into the genital or anal opening of another persons' body knowing sexual arousal, gratification, or abuse is practically certain to result. The federal statute, on the other hand, defines sexual contact as "the intentional touching, either directly or through the clothing, of the genitalia, anus, groin, breast, inner thigh, or buttocks of any person with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person." The Ninth Circuit has made clear that intent to arouse or abuse in the federal statute means a purposeful touching with the desired result of arousal or abuse. *United States v. Sagg*, 125 F.3d 1294, 1295 (9th Cir. 1997); *see also United States v. Kenyon*, 481 F.3d 1054, 1067-1068 (8th Cir. 2007).

The result is that the Colorado statute is quite a bit broader than the federal statute. For example, a person who suspects but isn't certain that he or she is a pedophile and intrudes into the genital or anal opening of a child with an object or

12

his or her hand, knowing full well it is practically certain to at least abuse the child and perhaps also cause sexual arouse in himself or herself would be within the Colorado statute but not within the federal statute because the person did not desire the result of arousal or abuse. Similarly, a person who intrudes into another person but is so intoxicated that he or she is incapable of forming a recognizable desire to arouse or abuse but is still aware of his or her conduct and that arousal or abuse is practically certain to result would be within the Colorado statute but not within the federal statute, assuming the other elements were met.[5] The Colorado statute therefore sweeps more broadly than the federal statute, and as a result, cannot serve as a predicate crime for either a tier two or a tier three designation. *Cabrera-Gutierrez*, 756 F.3d at 1133. By default, Ballantyne is a tier one. As a tier one, Ballantyne's obligation to register expired in 2016. Because Ballantyne's registration period under SORNA expired in 2016, the indictment charging him with failure to register in 2018 and 2019 is without probable cause that a crime was committed and must be dismissed.

### III. Conclusion and order

Ballantyne's motion to dismiss the indictment (Doc. 15) is granted.

---

5 Although not an element of either crime, it's worth pointing out voluntary intoxication is not a defense to the Colorado statute but is a defense to the federal statute. *Vigil*, 127 P.3d at 930-931; *United States v. Sayetsitty*, 107 F.3d 1405, 1412 (9th Cir. 1997).

DATED this 19th day of August, 2019.

_____
SUSAN P. WATTERS
U.S. DISTRICT COURT JUDGE

14